# FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

CHRISTOPHER SHORTER #21344-017
(A.K.A.---CHRISSY)
(Enter above the full name of the plaintiff in this action)

COMPLAINT

V.

UNITED STATES OF AMERICA

WARDEN JORDAN HOLLINGSWORTH

ASSOCIATE WARDEN CHRISTINE DYNAN
(Please review attached)
(Enter the full name of the defendant of defendants in this action)

Civil Action No. 17-8911 (RMB)
AMENDED COMPLAINT
(To be supplied by the Clerk of the Court)

**RECEIVED**

JUN - 5 2018

AT 8:30_____M
WILLIAM T. WALSH, CLERK

## INSTRUCTIONS; READ CAREFULLY

1.    This complaint must be legibly handwritten or typewritten, signed by the plaintiff and   subscribed to under penalty of perjury as being true and correct.  All questions must be answered concisely in the proper space on the form.  Where more space is needed to answer any question, attach a separate sheet.

2.    In accordance with Rule 8 of the Federal Rules of Civil Procedure, the complaint should contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, (2) a short plain statement of the claim showing that you are entitled to relief, and (3) a demand for judgment for the relief which you seek.

3.    You must provide the full name of each defendant or defendants and where they can be found.

4.    You must send the original and one copy of the complaint to the Clerk of the District Court.  You must also send one additional copy of the complaint for each defendant to the Clerk.  Do not send the complaint directly to the defendants.

5.    Upon receipt of a fee of $400.00 (a filing fee of $350.00, and an administrative fee of    $50.00), your complaint will be filed.  You will be responsible for service of a separate summons and copy of the complaint on each defendant.  See Rule 4, Federal Rule of Civil Procedure.

PAGE 1 CONTINUED

ASSOCIATE WARDEN ROBERT HAZZLEWOOD

Dr. MARANTZ

CAPTAIN PENA

Lt. BITTNER (SIS)

CARL SCEUSA, MD/CCHP

UNIT MANAGER BYRD

COUNSELOR HAMEL

FORT DIX PREA COMPLIANCE MANAGER

DEFENDANT(s)

6. If you cannot prepay the $400.00 fee, you may request permission to proceed in forma pauperis in accordance with the procedures set forth in the application to proceed in forma pauperis. See 28 U.S.C. §1915. (If there is more than one plaintiff, each plaintiff must separately request permission to proceed in forma pauperis.)

7. If you are given permission to proceed in forma pauperis, the $50.00 Administrative Fee will not be assessed. The Clerk will prepare and issue a copy of the summons for each defendant. The copies of summonses and the copies of the complaint which you have submitted will be forwarded by the Clerk to the United States Marshal, who is responsible for service. The Marshal has USM-285 forms you must complete so that the Marshal can locate and serve each defendant. If the forms are sent to you, you must complete them in full and return the forms to the Marshal.

## QUESTIONS TO BE ANSWERED

1a. Jurisdiction is asserted pursuant to (CHECK ONE)

____ 42 U.S.C. §1983 (applies to state prisoners)

__X__ Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies to federal prisoners)

If you want to assert jurisdiction under different or additional statutes, list these below:

[28 USCS§§1346(b) and 2672]

1b. Indicate whether you are a prisoner or other confined person as follows:

___ Pretrial detainee

___ Civilly-committed detainee

___ Immigration detainee

___ Convicted and sentenced state prisoner

_X_ Convicted and sentenced federal prisoner

___ Other: (please explain)_____

2.    Previously Dismissed Federal Civil Actions or Appeals

If you are proceeding in forma pauperis, list each civil action or appeal you have brought in a federal court while you were incarcerated or detained in any facility, that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted. Please note that a prisoner who has on three or more prior occasions, while detained in any facility, brought an action or appeal in a federal court that was dismissed as frivolous or malicious, or for failure to state a claim upon which relief may be granted, will be denied in forma pauperis status unless that prisoner is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

a.    Parties to previous lawsuit:

Plaintiff(s): ___CHRISTOPHER SHORTER #21344-017___

_____

Defendant(s): ___WARDEN BILLY ROMERO, ASSOCIATE WARDEN STEVIE KNIGHT,___
___CAPTAIN DEBORAH COLON, CHAPLAIN C. WAWERU___

b.    Court and docket number: ___United States District Court For The Southern District Of Florida, 1:17-cv-21244-UU___

c.    Grounds for dismissal:  ( )    frivolous    ( ) malicious (PENDING)

                       ( )    failure to state a claim upon which relief may be granted

d.    Approximate date of filing lawsuit: ___4/4/2017___

e.    Approximate date of disposition: ___Currently Pending___

If there is more than one civil action or appeal, describe the additional civil actions or appeals using this same format on separate sheets.

3.    Place of Present Confinement? ___Miami FCI, Miami, Florida___

4.    Parties

(In item (a) below, place your name in the first blank and place your present address in the second blank. Do the same for additional Plaintiffs, if any.)

a.    Name of plaintiff: ___CHRISTOPHER SHORTER___

PAGE 3 CONTINUED

2.) (a.)   Parties to previous lawsuit:
           Plaintiff(s):    CHRISTOPHER SHORTER #21344-017
           Defendant(s):  United States of America, Warden Billy Romero, Associate
                          Warden Stevie Knight, Captain Deborah Colon, Sean McNeel
                          Lieutenant, M.Morel (AHSA), Lupe Sierra (HIT)

   (b.)   Court and docket number:  United States District Court For The Southern
          District Of Florida, 1:17-24476-UU

   (c.)   N/A

   (d.)   Approximate date of filing lawsuit:  12/6/2017

   (e.)   Approximate date of disposition:  CURRENTLY PENDING


   (a.)   Parties to previous lawsuit:
          Plaintiff(s):  CHRISTOPHER SHORTER #21344-017
          Defendant(s):  Mark S. Inch, Dr. Deborah G. Schult, DHD, Dr. Jeffery D.
          Allen, MD, Transgender Clinical Care Team, (TCCT), J.A. Keller, CDR Todd
          Crawford, Dr. Angel Ortiz, MD, Warden Bryan Dobbs

   (b.)   Court and docket number:  United States District Court For The Southern
          District Of Florida, 1:17-cv-24736-MGC

   (c.)   Denied

   (d.)   Approximate date of filing lawsuit:  12/27/2017

   (c.)   Approximate date of disposition:  4/10/2018

Address: Miami FCI, PO BOX 779800, Miami, Florida 33177

Inmate#: 21344-017

b.   First defendant:

Name: JORDAN HOLLINGSWORTH

Official position: WARDEN

Place of employment: Fort Dix FCI, (Retired)

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)
Please refer to detailed item #6, "Statement of Claims".

_____

_____

_____

c.   Second defendant:

Name: CHRISTINE DYNAN

Official position: ASSOCIATE WARDEN

Place of employment: FORT DIX FCI

How is this person involved in the case?

(i.e., what are you alleging that this person did or did not do that violated your constitutional rights?)

Please refer to detailed item #6, "Statement of Claims".

_____

_____

_____

d.   If there are more than two defendants, attach a separate sheet. For each defendant specify: (1) name, (2) official position, (3) place of employment, and (4) involvement of the defendant.

## PAGE 4 CONTINUED

d.      Third defendant:
Name: ROBERT HAZZLEWOOD
Official Position:  ASSOCIATE WARDEN
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


e.      Fourth defendant:
Name: DR. MARANTZ
Official position: Chief of Psychology
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


f.      Fifth defendant:
Name:  UNKNOWN PENA
Official position: Captain
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


g.      Sixth defendant:
Name:  UNKNOWN BITTNER
Official position: Lieutenant, Special Investigative Supervisor
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


h.      Seventh defendant:
Name:  UNKNOWN HAMEL
Official pos ition: Counselor
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


i.      Eighth defendant:
Name: CARL SCEUSA
Official position: MD/CCHP
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


j.      Ninth defendant:
Name:  UNKNOWN BYRD
Official position: Unit Manager
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".

## PAGE 4 CONTINUED

k.      Tenth defendant:
Name: UNKNOWN
Official position: PREA Compliance Manager
Place of employment: FORT DIX FCI
How is this person involved in the case?
Please refer to detailed item #6, "Statement of Claims".


DEFENDANTS END

5. I previously have sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in the Statement of Claims on page 6.

   __X__ Yes      ____ No

   If your answer is "Yes," briefly describe the steps taken, including how relief was sought, from whom you sought relief, and the results.

   BOP Administrative Remedy Program. Exhausted----Remedy ID #
   857082 & 860656. (See Attached with Exhibits)

   BOP Administrative Tort Claim. Exhausted----Tort Claim #
   TRT-NER-2017-00941 (See Attached with Exhibits)

   If your answer is "No," briefly explain why administrative remedies were not exhausted.

   _____

   _____

   _____

   _____

6. Statement of Claims

   (State here as briefly as possible the facts of your case. Describe how each defendant violated your rights, giving dates and places. If you do not specify how each defendant violated your rights and the date(s) and place of the violations, your complaint may be dismissed. Include also the names of other persons who are involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Use as much space as you need. Attach a separate sheet if necessary.)

   1.)  UNITED STATES OF AMERICA
   Under the Federal Tort Claims ("FTCA"), the FTCA provides
   a mechanism by which individuals may recover damages from
   the United States for loss to property, personal injury
   or death resulting from the negligent or wrongful act or
   omission of any federal employee, where that employee was
   acting within the scope of his office or employment and
   under circumstances where the United States, if ----CONTINUED

a private person, would be liable to the claimant under the law of the place where the act or omission occurred. The United States of America is responsible for each of the defendants actions in this case. Please see attached Administrative Claim No. TRT-NER-2017-00941 denial letter whereas the United States consented to being sued. This civil rights action seeks redress from the unconstitutional, discriminatory and unlawful manner by which I was incarcerated under conditions posing a substantial risk of serious harm which lead to me being sexual assaulted on 10/14/2015 while housed at Fort Dix FCI/West Unit. I addressed the issue(s) which lead to me being sexual assaulted in the Bureau of Prisons Administrative Remedy Program within Remedy ID# 857082 and 860656, which was denied at each level. I then filed Administrative Tort Claim No. TRT-NER-2017-00941 which was denied on April 28, 2017. I intend to prove in this civil rights action that each of the defendants was aware of a serious risk of harm, however acted with an attitude of deliberate indifference to that excessive risk of harm to my safety. This DERELICTION of DUTY contributed to the sexual abuse and lead to the violations of my 5th and 8th Amendment Rights. The specific information is as follows: 2.) VIOLATION OF 5TH AMENDMENT RIGHTS OF DUE PROCESS On 10/14/2015, I was sexually assaulted, however due to defendants' WARDEN JORDAN HOLLINGSWORTH, ASSOCIATE WARDEN CHRISTINE DYNAN, ASSOCIATE WARDEN ROBERT HAZZLEWOOD CAPTAIN PENA, LT. BITTNER (SIS), DR. CARL SCEUSA, MD/CCHP, and FORT DIX PREA COMPLIANCE MANAGER, I was not able to

CONTINUED

7.   Relief

(State briefly exactly what you want the Court to do for you. Make no legal arguments. Cite no cases or statutes.)

As to the United States of America $100,000,000.00, (One Hundred Million Dollars)

As to each of the defendants $2,500,000.00, (Two Million Five Hundred Thousand Dollars)

## STATEMENT of CLAIMS CONTINUED

hold the perpetrator Inmate Michael Garcia accountable due to the poorly conducted investigation in violation of my Due Process Rights. Each defendant listed played a role in the investigation and could have intervened to ensure it was conducted properly by the Bureau of Prisons policy and in a manner not to offend my constitutional rights.

## VIOLATION OF MY 8TH AMENDMENT RIGHTS

FAILURE TO PROTECT, FAILURE TO INTERVENE, FAILURE TO INVESTIGATE

Each issue raised by me before and after being sexually assaulted was handled in a muti-disciplinary forum and was signed off on and agreed upon by each defendant, therefore each defendant was personally and offically involved in every decision made about me. No defendant listed in this case is being held accountable for their subordinates' decisions or inactions. The decisions that was made was agreed upon by each defendant in their personal and official capacities. Specifically:

On 6/16/2015, I arrived at Fort Dix FCI/West Unit. I had previously been diagnosed with GENDER DYSPHORIA prior to being housed at Fort Dix FCI, therefore I already had a treatment plan in operation. I was housed in building 5841, in a (12) man room with (11) men. Each of the defendants was aware that I was coming to that institution and that I am a TRANSGENDER inmate, however made no reasonable housing accommodations to ensure my safety.

On 6/22/2015, a Intake Screening that was taken upon my arrived at Fort Dix FCI placed me "at risk" for sexual victimization, whereas all department heads (each of the defendants) was notified. (See Attached Exhibit 1)

On 7/7/2015, I had a meeting with Unit Manager Byrd and Counselor Hamel, per a meeting I had with the Psychology Department where I expressed my feeling of being unsafe being housed with (11) men. I wear female undergarments, (i.e. bra & panties), however in such setting I had no privacy and had to sleep fully clothed in a room with no air conditioning to conceal my undergarments. Unit Manager Byrd, told me he was sent by the Warden to talk directly to me about my concerns. I expressed my concern of being housed in a (2) man cell with a screened cell mate to at least attempt to alleviate my risk of harm. I expressed that the Program Statement 5324.12, "Sexually Abusive Behavior Prevention and Intervention", supported my position because I was already a victim of a PREA violation at the hands of staff at another institution. I told them that per (PS) 5324.12§115.41(a), (d)(7), (8), (9), I was "at risk" for sexual victimization. Counselor Hamel, objected to me being housed in a (2) man cell, because he said that I had not been at the institution long enough. The length of time I was at the institution was the only concern of Counselor Hamel. My safety was not Counselor Hamel's concern.

STATEMENT OF CLAIMS CONTINUED

On 7/10/2015, I was moved into a (2) man cell. Cell 207 which is located on the Second floor of Building 5841 Housing Unit is the last cell on the hallway. It is also the farthest cell from the Officer's Station which is located on the First Floor. No cells at FCI Fort Dix have locks on the doors.

On 7/13/2015, I reported to Psychology Services and expressed concerns about comments inmates had been making about my nipples. I requested undergarments to keep them from showing. I also expressed being very uncomfortable being housed at Fort Dix FCI. Specifically, I reported, "feeling very uncomfortable", particularly showering around other inmates. I expressed concern that I was being placed at High Risk for being sexually harassed and/or assaulted, due to the institution's overall violent moral and being housed at Fort Dix FCI with no locking device on any of the doors in the housing units cells. (Each Defendant was Notified)(See Attached Exhibit 2)

On 8/11/2015, Muslim Inmate Howard Sanders was moved out of Cell 207 with me. Counselor Hamel moved a Sex Offender in the cell with me.

On 8/14/2015, I wrote a Personal Notice to Warden Hollingsworth/Informal Grievance for not properly training Counselor Hamel about the housing decisions that he made about me---A Transgender Inmate. Counselor Hamel made it his regular course of operation to place me in harms way with the housing decisions made about me. (Each Defendant was Notified)(See Attached Exhibit A)

On 8/18/2015, I submitted a transfer request. I personally gave it to Unit Manager Byrd, who forwarded it to Associate Warden Dynan and Warden J. Hollingsworth. I also personally took a copy of this transfer request to the Psychology Department, specifically Dr. Rehwhinkle who in turn talked to Dr. Marantz while I waited. Dr. Marantz in turn talked to Associate Warden Hazzlewood about getting my transfer request approved. I clearly placed each defendant on notice of my safety concerns and attached the BOP Program Statement information which supported my request of an Expedited Transfer to a Higher Security Facility with secure housing, (i.e. Cells with Locks on the doors) (See Attached Exhibit B)

On 8/18/2015, while at Psychology Services, I clearly expressed concern that I was being placed "at risk" of sexual victimization by all the defendants. (Each defendant was Notified)(See Attached Exhibit 3)

On 8/21/2015, I was called to the Psychology Department where Dr. Rehwhinkle was instructed by Dr. Marantz to tell me that she agreed with my transfer request and was in the process of getting the transfer approved. Dr. Rehwhinkle was also instructed to tell me that I would not be getting another cell mate as long as I was housed at Fort Dix FCI due to Counselor Hamel placing a Sex Offender in the cell with me, however I remained housed in cell 207 on the Second Floor. The farthest cell away from the Officer's station by myself without a locking device on the door. My request to place a makeshift locking device on the door was denied. (See Attached Exhibit 4)

On 8/24/2015, I submitted Part Two to my transfer request. (See Attached Exhibit C)

On 9/4/2015, Associate Warden Hazzlewood and Dr. Marantz had a meeting via teleconference with the Gender Dysphoria Committee, which is located at the BOP's Central Office, to get the authority to transfer me to a safer institution due to my safety concerns.

## STATEMENT OF CLAIMS CONTINUED

On 9/5/2015, I submitted Addendum 3, Request for Transfer with Program Statement 5100.08 authority. (See Attached Exhibit D)

On 9/10/2015, I submitted a Notice of Filing for Preliminary Declaratory, Injunctive Relief and a Temporary Restraining Order. I further expressed my concern with no urgency being utilized concerning transferring me away from the unsafe housing conditions I was housed in at Fort Dix FCI. (See Attached Exhibit E)

On 9/11/2015, I submitted my concerns with being transferred to a Low Custody Institution without secure housing. (See Attached Exhibit 5)

On 9/21/2015, Request for Transfer, Form 409, was submitted to DSCC, whereas Fort Dix Staff admitted to not being able to provide proper security for me. Specifically, "On September 4, 2015, it was determined by the Gender Identity Dysphoria Committe (GID) that inmate shorter should be transferred based on the configuration of the institution and the housing units. Based on the physical layout of this facility FCI Fort Dix cannot provide the same type of supervision as in other insitutions." (See Attached Exhibit F)

On 9/22/2015, I submitted a revised transfer request. (See Attached Exhibit G)

On 10/5/2015, Associate Warden Robert Hazzlewood placed a Memo on the inmate's computer system about safety concerns. Specifically, "This message serves to inform all inmates on the East and West compounds that your visiting privileges are suspended until further notice due to security concerns, including repeated assaults on staff. Do not assault staff or interfere with their ability to carry out their duties." This notice was related to all the violence and violent assaults and sexual abuse rampantly occurring at FCI Fort Dix. (See Attached Exhibit H)

On 10/8/2015, Associate Warden Robert Hazzlewood placed another Memo on the inmate's computer about safety concerns. Specifically, "Notification Over the past several weeks, there has been significant increase in security issues involving staff and inmate assaults as well as hard contraband such as cell phones and weapons. staff have reponsibility to provide a safe and secure environment to all staff, visitors, and inmates." (See Attached Exhibit I)

On 10/14/2015, at approximately 1:45am while asleep in my assigned cell of 207, I woke up with a sharp object cutting me on my neck. Inmate Michael Garcia #40236-424, Sexually Assaulted me. Inmate Michael Garcia was wearing a gray hood made into a ski mask however after I got over the shock of the situation I knew who he was. During the sexual assault Inmate Michael Garcia cut me (7) times with a sharp object. After the assault was over I ran downstairs to the Officer's station and reported being sexually assaulted. I was seen by Dr. Carl Sceusa, MD/CCHP, an institution doctor, however he did not do a Rape Kit, Collect DNA or do a Forensic Medical Exam, neither did he refer me off-site for such evidence preservation examination. The only medical care that was provided to me was Dr. Carl Sceusa, MD/CCHP cleaned my wounds with Betadine. I was placed in the (SHU), involuntary segregation protective custody. (See Attached Exhibit(s) 6, 7 & T)

On 10/21/2015, I was interviewed by (SIS) Lt. Bittner about the sexual assault some (7) full days after my sexual assault. He conducted the interview in a non-chalant way as if he really did not want to do it and was not very concerned about me being sexually assaulted. He only conducted the interview (7) full days after my sexual assault as a formality.

## STATEMENT OF CLAIMS CONTINUED

On 10/22/2015, a Diagnostic and Care Level Formulation was completed by Psychology Services.  (See Attached Exhibit 8)

On 10/29/2015, I received a Memo from (SIS) Lt. Bittner whereas he determined that my sexual assault allegations was unsubstantiated.  (See Attached Exhibit J)

On 11/02/2015, a General Administrative Note was placed in my file by Psychology Services.  (See Attached Exhibit 9)

On 11/03/2015, I was transferred from Fort dix FCI.

I used every Bureau of Prisons Program Statement policy and constitutional amendment to get the defendants to render me the protection that I deserved and needed until I was transferred from such unsafe facility however to no avail.  Each of the defendants was well aware of the violent custom at Fort Dix FCI which was shown in the attached Exhibit(s) H & I.  The submitting of a transfer request by Fort Dix Staff did not alleviate the immediate dangers that I faced while I was housed at Fort Dix FCI. Fort Dix Staff each of the defendants was aware that I was subject to a substantial risk of imminent sexual abuse and did not take the slightest action to protect me.  The defendants refused to move me closer to the officer's station which was located on the First Floor of Building 5841 Housing Unit and would not allow me to put a makeshift locking device on my cell door.  None of the defendants made reasonable accommodations to ensure my safety.

## FTCA CLAIMS

The Bureau of Prisons Policy Statements are commands to Government employees (each Defendant), to discharge duties, tasks, and behavior in a particular and specific manner which do not involve matters of discretion, choice, or options.  Each of the Defendants' own negligence and/or Dereliction of Duty contributed to me being sexually assaulted on 10/14/2015.  The negligent violations are thus follows:

1.) VIOLATION OF PROGRAM STATEMENT  1040.04§551.90
"(PS) 1040.04§551.90, Bureau staff shall not discriminate against inmates on the basis of race, religion, national origin, sex, disability, or political belief.  This includes the making of administrative decisions and providing access to work, housing and programs."

On 6/16/2015, I arrived at Fort dix FCI/West Unit.  I had previously been diagnosed with Gender Dysphoria prior to being housed at Fort Dix FCI, therefore I already had a treatment plan in operation.  I was housed in Building 5841 Housing Unit, in a (12) man room with (11) men.  Each of the defendants was aware that I was coming to that institution and that I am Transgender, however made no reasonable housing accommodations to ensure my safety.

On 7/7/2015, Counselor Hamel, objected to me being housed in a (2) man cell, because he said that I had not been at the institution long enough.  The length of time I was at the institution was the only concern of Counselor Hamel.  My safety was not Counselor Hamel's concern.

On 7/10/2015, I was moved into a (2) man cell.  Cell 207 which is located on the Second Floor of building 5841 Housing Unit which is the last cell on the hallway.  It is also

the farthest cell from the Officer's station which is located on the First Floor. No cells at FCI Fort Dix have locks on the doors. None of the defendants intervened when Counselor Hamel instructed me to move to Cell 207, even in light of my safety concerns. I remained in Cell 207 until 10/14/2015, where I was sexually assaulted. (See Attached Exhibit(s): 1,2,A,B,3,4,C,E, I,H, 6,7 &T)

## 2.) <u>VIOLATION OF PROGRAM STATEMENT 3420.11, "Standards of Employee Conduct"</u>

"(PS) 3420.11(6) Responsiveness. Inattention to duty in a correctional environment can result in escapes, assaults, and other incidents. Employees are required to remain fully alert and attentive during duty hours. Because failure to respond to an emergency may jeopardize the security of the institution, as well as the lives of staff or inmates, it is mandatory that employees respond immediately, effectively, and appropriately during all emergency situations."

"(PS) 3420.11, provides sanctions for employees who commit the following offenses: Loafing, wasting time, sleeping on the job, or inattention to duty., Failure to respond immediately to an emergency situation., Failure to observe safety precautions., Endangering the safety of or causing injury to staff, inmates or others through carelessness or failure to follow instructions., Giving an inmate an order which could be hazardous to health and safety, and Counduct which could lead others to question an employee's impartiality."

The negligent actions of the defendant(s) in assigning me to Cell 207 the last cell on the Second Floor without a locking device and the cell which is the farthest cell from the officer's station located on the first floor contributed to me being sexually assaulted. The defendant(s) also refused to allow me to put a makeshift locking device on the cell door.

Had each of the defendants responded immediately, effectively and appropriately, I would not have been sexually assaulted on 10/14/2015 in Cell 207.

## 3.) <u>VIOLATION OF PROGRAM STATEMENT 5270.11, "Special Housing Unit"</u>

"(PS) 5270.11§541.20. Purpose. this subpart describes the Federal Bureau of Prisons' (Bureau) operation of special housing units (SHU) at Bureau institutions. The Bureau's operation of SHU is authorized by 18 U.S.C. 4042(a)(2) and (3). a. Program objectives. The expected results of this program are: Inmates are housed in the least restrictive setting necessary to ensure their own safety, as well as the safety of staff, other inmates and the public. A safe and orderly environment will be provided for staff and inmates."

"(PS) 5270.11§541.27 Protection Case Placement in Administrative Detention Status. You may be placed in administrative detention status as a protection case in the following circumstances:

(d) Staff Concern. Based on evidence, staff believe your safety may be seriously jeopardized by placement in the general population. When an inmate is placed in Administrative Detention for an investigative period and the threat is verified, correctional officials should seek alternative housing, by transferring the threatened inmate either to the general population of another institution or to a special-purpose housing unit for inmates who face similar threats with conditions comparable to those of the general population."

Each of the defendants was in agreement that Fort dix FCI could not provide proper
security for me. Based on the issues I repeatedly raised in the attached Exhibits, on
9/21/2015, the attached Exhibit F was submitted which specifically stated, "On September
4, 2015, it was determined by the Gender Identity Dysphoria Committee (GID) that inmate
shorter should be transferred based on the configuration of the institution and the
housing units. Based on the physical layout of this facility FCI Fort Dix cannot
provide the same type of supervision as in other institutions." Furthermore the
attached Exhibit(s) I & H, clearly show that violence and sexual abuse was rampanted
at FCI Fort Dix, however not one of the defendants placed and/or advocated for my
placement in the (SHU) for my protection.

## 4.) VIOLATION OF PROGRAM STATEMENT 5290.15, "Intake Screening"

"(PS) 5290.15§522.20.  Bureau of Prisons staff screen newly arrived inmates to ensure
that Bureau health, safety, and security standards are met.]

2. Summary of Changes.  This revision clarifies the intake screening procedures for inmates
with a history of aggressive sexual behavior or who have been victims of sexual assault.

(PS) 5290.15522.21(a)[(1) During the social intake screening process, the interviewer
shall review the PSI and the Inmate Central File for any documentation indicating the
inmate has a history of sexual aggressive behavior or has recently been the victim of
a sexual assault.  In such cases, the interviewer shall immediately forward a copy of
the Intake Screening Form and any other comments to Psychology Service for appropriate
folow-up and or assessment."

"(PS) 5290.15(9) Housing.  Staff making quarters assignments for a newly arrived inmate
shall review the result of intake screening to ensure restrictions are noted prior
to assignment."

Not one of the defendant(s) adhered to these policies, in that on 6/16/2015, I arrived
at Fort Dix FCI/West Unit.  During the Intake Interview, I clearly disclosed prior
sexual victimization which was forwaded to all the defendants as well as my being
Transgender, however no reasonable accommodations was made to ensure my safety.  The
defendants negligence eventually lead to my being sexually assaulted on 10/14/2015.
(See Attached Exhibit(s) A,1,2,B,3,4,C,D,E,5,F,G,H & I)

## 5.) VIOLATION OF PROGRAM STATEMENT 5324.12§115.21(a) & (c)

None of the defendants ensured that a uniform evidence protocol that maximized the potential
for obtaining usable physical evidence per this policy was used.  The clothing I was
wearing when I was sexually assaulted was not perserved properly if at all to attempt
to obtain Inmate Michael Garcia #40236-424 DNA and/or other forensic data.  My clothing
was touched by various employees and was not collected until after I was placed in the
SHU.  The officer that stripped me out threw my clothing into a laundry bend with other
inmates dirty clothing.  He did not readily retrieve my clothing after I told him that
my clothing would be evidence in a PREA sexual abuse investigation.  I  was not given a
forensic medical examination, on-site or off-site for medical or evidentiary. Lt. Bittner
(SIS) and Dr. Carl Sceusa MD/CCHP was responsible for such issues however did not adhere
to this policy and none of the Supervisory Defendants ensure that they did so.

## 6.) VIOLATION OF PROGRAM STATEMENT 5324.12§115.34(a), (b)

None of the defendants particularly Lt. Bittner (SIS), did not promptly collect and/or
preserve my clothing for DNA and/or forensic testing without compromising the integrity

of such evidence and none of the other defendants who are Lt. Bittner's Supervisors intervened to ensure that he did so.

## 7.) VIOLATION OF PROGRAM STATEMENT 5324.12§115.35(a)(2) & (b)

Dr. Carl Sceusa MD/CCHP did not preserve any/or all evidence of sexual abuse. Neither did he refer me off-site for a medical or evidentiary forensic examination and none of the other defendants who are Dr. Carl Sceusa MD/CCHP supervisors intervene to ensure he did so.

## 8.) VIOLATION OF PROGRAM STATEMENT 5324.12§115.41(a),(d),(g) & (i)

This policy instructs Bureau staff to screen for risk of victimization using the information obtained in the Intake Screening pursuant to (PS) 5290.15 for the purpose of treatment and security and management decisions, such as housing and cell assignments.

Each defendant was well aware of my "at risk" for victimization however made no reasonable accommodations to ensure my safety. The defendants was negligent for housing me in Cell 207 which contributed to me being sexually assaulted on 10/14/2015.

## 9.) VIOLATION OF PROGRAM STATEMENT 5324.12§115.42(a),(b), & (e)

"(PS) 5324.12§115.42 Use of Screening Information    (a) The agency shall use information from the risk screening required by § 115.41 to inform housing, bed, ...., assignments with the goal of keeping separate those inmates at high risk of being sexually victimized from those at high risk of being sexually abusive.
(b) The agency shall make individualized determinations about how to ensure the safety of each inmate.
(e) A transgender or intersex inmate's own views with respect to his or her own safety shall be given serious consideration."

Each defendant was well aware of my "at risk" for victimization as well as my many request for a transfer however made no reasonable accommodations to ensure my saefty. The defendants admitted to not being able to protect me and acknowledged the rampant violence and sexual assaults at FCI Fort Dix.  Exhibit(s) F, I, and H are proof of these facts.  Had the defendants adhered to this policy I would not have been sexually assaulted in Cell 207 on 10/14/2015.

## 10.) VIOLATION OF PROGRAM STATEMENT  5324.12115.43(a), (c), & (d)(1) & (2)

"(PS) 5324.12§115.43 Protective Custody.  (a) Inmates at high risk for sexual victimization shall not be placed in involuntary segregated housing unless an assessment of all available alternatives has been made, and a determination has been made that there is no available alternative means of separation from likely abusers.
(c) The facility shall assign such inmates to involuntary segregated housing only unitl an alternative means of separation from likely abusers can be arranged, and such an assignment shall not ordinarily exceed a period of 30 days.
(d) If an involuntary segregated housing assignment is made pursuant to paragraph
(a) of this section, the facility shall clearly document:
    (1) the basis for the facility's concern for the inmate's safety; and
    (2) The reason why no alternative means of separation can be arranged.
None of the defendant advocated and or adhered to this policy to ensure my safety which eventually lead to me being sexually assaulted on 10/14/2015. (See Attached Exhibit(s) 1,2,A,B,3,4,C,E,I,H,6,7,&T)

STATEMENT of CLAIMS CONTINUED

## 11.) VIOLATION OF (PS) 5324.12§115.62
On 6/16/2015, I was received at Fort Dix FCi/West Unit.  I was originally
housed in a (12) man room with (11) men.  I brought to the attention of
each of the defendants my substantial risk of imminent sexual abuse
danger given the fact that I am TRANSGENDER.  After going back and forth
with the defendants, I was allowed to move into a (2) man cell.  On
7/10/2015, I moved in cell 207 on the Second Floor of building 5841.
Cell 207 is the farthest cell away from the officer's station, which is
located on the first floor of building 5841.  On 8/11/2015, my room
mate inmate howard Sanders was moved out only for Counselor Hamel to
move a sex offender in the cell with me.  On 8/12/2015, the sex offender
was moved, however I begin a crusade to get transferred to another
institution with secure housing.  I was put in for a transfer, however
during the time waiting to be transferred, I was sexually assaulted.
Each of the defendants was aware that I was subject to a substantial
risk of imminent sexual abuse and did not take even the slightest action
to protect me.  The defendants refused to move me closer to the officer's
station which is located on the first floor and would not allow me to
put a makeshift locking device on my door.  None of the defendants made
any reasonable accommodations to ensure my safety.

## 12.) VIOLATION OF (PS) 5324.12§115.71(a) & (c)
None of the defendants ensured that my sexual assault investigation was
conducted promptly, impartially and/or thoroughly.  I was sexually
assaulted on 10/14/2015, at approximately 1:45am.  I was half examined
in medical by Dr. Carl Sceusa MD/CCHP then placed in the SHU approximately
6:05am.  I was not interviewed by (SIS) Lt. Bittner until 10/15/2015,
some (7) full days after my sexual assault.  (SIS) Lt. Bittner did not
conduct my interview thoroughly, in that he failed to ask me what was
my perpetrator wearing in an effort to retrieve those items for DNA
and/or forensic testing.  During the interview, I clearly identified
my perpetrator to (SIS) Lt. Bittner as Inmate Michael Garcia #40236-424.
None of the other defendants who are Lt. Bittner (SIS) supervisors
intervene to ensure Lt. Bittner (SIS) did his job in compliance with
this policy.

## 13.) VIOLATION OF (PS) 5324.12§115.72
The end result of my sexual albuse investigation was determined by
(SIS) Lt. Bittner to be unsubstantiated.  My prepetrator Inmate Michael
Garcia #40236-424 was never subject to any investigations be it
administrative and/or criminal prosecution, because none of the defendants
ensured that a uniform evidence protocol which could have maximized
the potential of obtaining usable physical and/or forensic evidence.
Inmate Michael Garcia #40236-424, touched all over my body, inserted his
fingers and his tongue (oral sodomy) into my anus.  He cut me (7) times
during the sexual assault, so physical, DNA and forensic evidence was
present on my body and possibly my clothing that would have conslusively
identified him as my perpetrator.  Inmate Michael Garcia #40236-424, have
DNA on file with the Bureau of Prisons and the United States Marshalls
Service per applicable laws.  The only reason why my sexual abuse
investigation was not substantiated is simply because of the DERELICTION
of DUTY of each of the defendants in failing to protect me, failing
to intervene and failing to investigate.

14.) VIOLATION OF (PS) 5324.12§115.82(a)
The perpetrator penetrated my anus with his fingers and mouth (oral sodomy). I was also cut (7) times durning the sexual assault. After making several attempts to be screened for infectious, transmissible disease(s), Fort Dix Staff made no attempt to perform such before I was transferred. Other than receiving a Tetanus shot on 10/16/2015, at my request, I did not receive any other prophylactic medication while housed at Fort Dix FCI.

15.) VIOATION OF (PS) 6031.04(42)
In the Patient Care Program Statement, "Sexual Assault Prevention and Intervention", clearly states, (b) "In order not to compromise medical evidence on an inmate who reports a recent sexual assault, it is recommended that the inmate be transported to a community facility/rape crisis center that is equipped (in accordance with local laws) to evaluate and treat sexual assault victims. Only in institutions where extreme security concerns exist may in-house physicians be used to provide treatment, examination, and forensic evidence gathering to inmates who report sexual abuse/assault".

Had any of these policies been followed Inmate Michael Garcia #40236-424 would have been prosecuted for the crime he committed of sexually assaulting me. None of the defendants afforded me the opportunity to get justice and furthered the victimization by failing to do their job.

Each of the defendants breached their duty to protect me.

STATEMENT of CLAIMS END

_____
_____
_____
_____
_____
_____
_____
_____
_____

8.   Do you request a jury or non-jury trial? (Check only one)

(X) Jury Trial ( ) Non-Jury Trial

I declare under penalty of perjury that the foregoing is true and correct.

Signed this __31st__ day of __MAY_____ , 20 18 ___

_____
Signature of plaintiff*

USPS TRACKING #   **9114 9011 8986 6469 2798 35**
& CUSTOMER          For Tracking or inquiries go to USPS.com
RECEIPT LABEL (ROLL)    or call 1-800-222-1811.

(*EACH PLAINTIFF NAMED IN THE COMPLAINT MUST SIGN THE COMPLAINT
HERE. ADD ADDITIONAL LINES IF THERE IS MORE THAN ONE PLAINTIFF.
REMEMBER, EACH PLAINTIFF MUST SIGN THE COMPLAINT).



# PRIORITY
# ★ MAIL ★

- DATE OF DELIVERY SPECIFIED *
- USPS TRACKING™ INCLUDED *
- INSURANCE INCLUDED *
- PICKUP AVAILABLE
- * Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.





RECEIVED

JUN - 5 2018

AT 8:30
WILLIAM T. WALSH, CLERK

**FROM:**

#21344-017 @
Christophe Shunior
Federal Correctional Institution
PO BOX 779800
Miami, FL 33177
United States

**TO:**

<>21344-017<>
Clerk Of The District Court
PO BOX 2797
Camden, NJ 08101
United States


**UNITED STATES
POSTAL SERVICE**®

**USPS TRACKING #**

9114 9011 8986 6469 2798 35

P S00001000014

EP14F July 2013
OD: 12.5 x 9.5

**VISIT US AT USPS.COM**®
ORDER FREE SUPPLIES ONLINE


**UNITED STATES
POSTAL SERVICE.**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2015; All rights reserved.

This envelope is made from post-consumer waste. Please recycle again.