**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| CHRISTOPHER SHORTER, | : | **CIV. NO. 19-16627(RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **MEMORANDUM AND ORDER** |
| | : | |
| UNITED STATES OF AMERICA, *et al.*, | : | |
| | : | |
| | : | |
| Defendants | : | |

This matter comes before the Court upon Plaintiff's motion for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1) (ECF No. 38), in this prisoner civil rights action. Plaintiff contends that counsel is needed because the issues in this case are complex and Plaintiff is not a trained attorney. (Id.) 28 U.S.C. § 1915(e)(1) provides that a "court may request an attorney to represent any person unable to afford counsel." There is no statutory right to appointed counsel, but courts have broad discretion to appoint counsel. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). Before appointing counsel, the court must determine whether the complaint has some merit in fact and law. Id. at 155.

Plaintiff alleges violation of her Fifth Amendment right to Due Process and raises a claim under the Federal Tort Claims Act in connection with the investigation of her allegation of sexual assault at FCI Fort Dix. (Am. Compl. ECF No. 7-1.) Accepting Plaintiff's

allegations as true, there is some merit in fact and law to the amended complaint.

Courts should consider a number of factors in determining whether to appoint pro bono counsel. Tabron, 6 F.3d at 155. The first factor is the plaintiff's ability to present his or her case. Id. at 156. Plaintiff's pro se complaint demonstrates a good ability to present her case.

The second factor is the difficulty of legal issues. The pending motion to dismiss by Defendants does not present complex legal issues but rather the analysis of specific factors in light of the facts alleged in the amended complaint.

The third factor in whether to appoint pro bono counsel is the degree to which factual investigation will be required and whether the claims are likely to require extensive discovery. Tabron, 6 F.3d at 156. At the present motion to dismiss stage, these factors are not present. Plaintiff appears capable of presenting her opposition to the pending motion to dismiss. The Court will deny the motion to appoint pro bono counsel without prejudice to Plaintiff bringing a subsequent motion at a later stage in the litigation. The Court will give Plaintiff additional time to respond to Defendants' motion to dismiss.

**IT IS** therefore on this **13th day of February 2020**,

**ORDERED** that Plaintiff's motion to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1) is **DENIED** without prejudice (ECF No. 38); and it is further

**ORDERED** that Plaintiff shall file a response to Defendants' motion to dismiss (ECF No. 35) within 30 days of entry of this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**
