UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CHRISTOPHER "CHRISSY" SHORTER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al,<br><br>Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 19-16627 (KMW-AMD)<br><br>**OPINION & ORDER** |

This matter comes before the Court on the "Motion to reopen Case" filed by *pro se* Plaintiff Chrissy Shorter" ("Plaintiff"). (ECF No. 50).[1] Plaintiff filed her Motion pursuant to the October 25, 2021 Mandate of the Court of Appeals for the Third Circuit, which remanded her Eighth Amendment claim for further proceedings. (*Id.*). Plaintiff's Motion is opposed by the ten individual defendants (the "Defendants") who were named in Plaintiff's Eighth Amendment claim. Defendants have also filed a Cross Motion to Dismiss Plaintiff's action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute or, in the alternative, for failure to effectuate proper service.[2] For

---

[1] Technically speaking, Plaintiff's Motion is procedurally improper. Pursuant to Loc. R. Civ. P. 79.4, Plaintiff is required to submit an order implementing the Third Circuit's Mandate. However, given Plaintiff's status as a *pro se* litigant, the Court construes her Motion broadly and reads it as a Proposed Order to Implement the Third Circuit's Mandate.

[2] This Cross Motion was prepared and filed by the Civil Division of the U.S. Attorney's Office for the District of New Jersey (the "USAO"). However, it is not clear on whose behalf the USAO brings the Cross Motion. The USAO merely states that it has, in the past, "represented various defendants," and that it now seeks dismissal on behalf of "any remaining defendants." (ECF No. 51 at 1). The Third Circuit did not, however, affirm dismissal of Plaintiff's Eighth Amendment claim as to any individual Defendant. Therefore, the Court will presume that the Cross Motion is brought by every individual Defendant against whom Plaintiff has ever asserted an Eight Amendment claim in this action, and to whom the Third Circuit's remand applies: Jordan Hollingsworth, Warden; Christine Dynan, Associate Warden; Robert Hazzlewood, Associate Warden; Dr. Marantz, Chief of Psychology; Unknown Pena, Captain; Officer Bittner, Lieutenant, Special Investigative Supervisor; Unknown Hamel, Counselor; Carl Sceusa, MD/CCHP; Unknown Byrd, Unit Manager; Unknown, PREA Compliance Manager. *See Shorter v. United States et al.*, 12 F.4th 366 (3d Cir. 2021); *see also* October 25, 2021 Court of Appeals Judgment (ECF No. 49) (reversing District Court's dismissal of Plaintiff's Eighth Amendment claim as formerly contained in both the Complaint and the Amended Complaint).

the reasons that follow, Plaintiff's Motion to Reopen is granted and Defendants' Cross Motion to Dismiss is denied.

1. Plaintiff, initiated the underlying civil rights action and asserted, among other things, a claim against the ten individual Defendants, all of whom are alleged to be officers and/or officials of the prison where Plaintiff was formerly incarcerated. Plaintiff, who is a transgender woman, alleges that she was stabbed and raped by a fellow inmate while in federal prison, despite having warned Defendants repeatedly that she was concerned about being assaulted. Plaintiff's Eighth Amendment claim was thus brought under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and alleged that Defendants were liable for their deliberate indifference to the substantial risk that another inmate would assault her.

2. The District Court dismissed Plaintiff's *Bivens* action against the Defendants pursuant to 28 U.S.C. §§ 1915 and 1915A, and Plaintiff appealed. On October 25, 2021, the Third Circuit issued a Mandate reversing the District Court's decision and remanding Plaintiff's Eighth Amendment claim only for further proceedings. (ECF No. 49). On April 18, 2022, Plaintiff submitted the instant Motion to reopen her case. (ECF No. 50). The Government opposed Plaintiff's Motion, and has cross-moved to dismiss her action for failure to prosecute or, in the alternative, for failure to effectuate proper service. (ECF Nos. 51, 52).

3. The essence of the Defendants' Cross Motion is that Plaintiff has waited too long to act on the mandate following the Third Circuit's remand. Specifically, Defendants argue that Plaintiff has effectively abandoned her case by waiting six months before taking any action on the mandate. Thus, Defendants argue that dismissal of Plaintiff's action is warranted under Fed. R. Civ. P. 41(b) for failure to prosecute. In the alternative, Defendants seek dismissal for Plaintiff's purported failure to effectuate proper service of process pursuant to Fed. R. Civ. P. 4(m).

4.   Pursuant to Fed. R. Civ. P. 41(b), a defendant may move to dismiss an action or any claims against it where the plaintiff either fails to prosecute the case or fails to comply with court rules or orders. In determining whether dismissal for failure to prosecute is appropriate, the Third Circuit has instructed district courts to consider and weigh six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritorious of the claim or defense.

*Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).

5.   Here, there is nothing in the record to suggest that Plaintiff has willfully abandoned her case. To this end, the Court notes that Plaintiff, contacted both of her appellate attorneys, and the District Court's Clerk's Office in an effort to comply with the mandate. (ECF No. 54 at 2). With respect to prejudice to the Defendants, the Court notes that "prejudice includes the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Briscoe v. Klaus*, 538 F.3d 252, 259 (3d Cir. 2008). Here, Defendants contend that they have been prejudiced because "significant time has passed without notice to them to prepare to defend against her allegations." (ECF No. 51 at 4). This single assertion falls woefully short of the prejudice required to support dismissal.

6.   Next, Defendants do not point to any dilatory conduct that can be ascribed to Plaintiff. Dilatory conduct is typically found based on a plaintiff's "repeated failures to comply with court orders, appear for hearings, or engage in discovery." *Baker v. Accts. Receivables Mgmt., Inc.*, 292 F.R.D. 171, 178 (D.N.J. 2013). Here, Defendants point to no such conduct by Plaintiff.

In addition, Defendants have not presented any evidence from which this Court could infer that Plaintiff's delay in following the Mandate was the result of "willful or contumacious behavior which was characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262.

7. Defendants have not proffered a reason that would support the extreme sanction of dismissal. *See Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 138 (3d Cir. 2019). Nor have they asserted that Plaintiff's claim lacks merit. Crucially, such an assertion belies the Third Circuit's decision finding Plaintiff's Eighth Amendment claim plausible.

8. The above factors strongly favor Plaintiff and lead the Court to conclude that dismissal of her action for failure to prosecute is not warranted. Moreover, the analysis of these factors also supports a finding of good cause with respect to Plaintiff's delay, which precludes dismissal under Fed. R. Civ. P. 4(m) for failure to serve. *See Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3d Cir. 1995).[3] Therefore,

**IT IS** this **30th** day of **December 2022**, hereby

**ORDERED** that Plaintiff's Motion to Reopen (ECF No. 50) is **GRANTED**; and it is further

**ORDERED** that the Third Circuit's October 25, 2022 Mandate (ECF No. 49) is **IMPLEMENTED**; and it is further

**ORDERED** that Defendant's Cross Motion to Dismiss (ECF No. 52) is **DENIED**; and it is further

---

[3] The Court has its doubts that Plaintiff was under any obligation to effectuate proper service pending the implementation of the Third Circuit's Mandate. Moreover, because the Third Circuit remanded Plaintiff's Eighth Amendment claim as previously expressed in both her Complaint and Amended Complaint, there were legitimate questions as to which of Plaintiff's pleadings was operative for purposes of effectuating the service of process Defendants envisioned. Consequently, by directing the filing of a Second Amended Complaint, this Opinion and Order resolves those questions.

**ORDERED** that, on or before January 30, 2023, Plaintiff shall file a Second Amended Complaint, which shall set forth her Eighth Amendment claim only, consistent with the Opinion and Order of the Third Circuit; and it is further

**ORDERED** that on or before January 30, 2023, Plaintiff shall notify the Court of her intention to continue to proceed *in forma pauperis*, and whether she intends to request *pro bono* counsel; and it is further

**ORDERED** that Plaintiff shall thereafter effectuate proper service of process of her Second Amended Complaint consistent with Fed. R. Civ. P. 4(m).

                                                  */s/ Karen M. Williams*
                                                  KAREN M. WILLIAMS
                                                  United States District Judge